**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0329n.06

**No. 08-5528**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**May 28, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,               )
                                        )
    Plaintiff-Appellee,             )          ON APPEAL FROM THE
                                        )          UNITED STATES DISTRICT
    v.                              )          COURT FOR THE WESTERN
                                        )          DISTRICT OF TENNESSEE
JEREMY SNIDER,                          )
                                        )
    Defendant-Appellant.            )
                                        )

BEFORE:  BOGGS, ROGERS, and COOK, Circuit Judges.

ROGERS, Circuit Judge.  Defendant Jeremy Snider appeals his conviction under 18 U.S.C. § 924(c)(1)(A), which provides an additional prison sentence for any person (1) who uses or carries a firearm during and in relation to any crime of violence or drug trafficking crime, or (2) who, in furtherance of any such crime, possesses a firearm.  After a jury trial, Snider was convicted of six drug and weapons charges, including the above offense.  Snider raises as his sole issue on appeal that count six of the indictment mixed elements of the two distinct offenses created by 18 U.S.C. § 924(c)(1)(A) and that the jury instructions did not cure the flawed indictment.  The Government agrees with Snider and concedes that Snider's conviction on count six should be vacated.

Count six of the indictment charged as follows:

On or about November 14, 2005 . . . the defendant, Jeremy Dale Snider, during and in relation to a drug trafficking crime, specifically a violation of Title 21, United States Code Section 841(a)(1), to wit; attempt to manufacture and manufacturing methamphetamine, and in furtherance of such crime, possessed a firearm, more specifically, a Glock, Model 17, 9mm pistol, in violation of Title 18, United States Code, section 924(c)(1)(2).

Snider never challenged the indictment before the district court. The case proceeded to a jury trial, and after the close of evidence the lawyers and the court all mixed elements of the two § 924(c)(1)(A) offenses. At no point during the jury instructions did Snider object to the court's instructions regarding count six.

The jury returned a guilty verdict as to all six counts, and Snider was sentenced to a total sentence of 360 months' imprisonment. The sentence for counts one through five was 300 months, but the conviction for count six imposed an additional 60-month sentence to be served consecutively to the 300 months.

As the Government properly concedes, plain error occurred in Snider's conviction for count six because the indictment and the jury instructions mixed elements of the two separate § 924(c)(1)(A) offenses. *See United States v. Combs*, 369 F.3d 925, 933 (6th Cir. 2004). Because count six of the indictment against Snider charged a violation of the "possession" offense, but also included surplusage relating to the "use or carry" offense, and the jury instructions failed to alleviate the potential for prejudice to Snider, Snider is entitled to relief from his conviction for count six. *See United States v. Wilkins*, 253 F. App'x 538, 545-47 (6th Cir. 2007).

The defendant's conviction on count six is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.